IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:15-HC-2149-FL

| | |
|---|---|
| ANTHONY BUSSIE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

Petitioner, a federal civil committee, petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter is before the court for an initial review pursuant to 28 U.S.C. § 2243, which provides that the court need not seek a response from the respondent when it is clear on the face of the petition that petitioner is not entitled to relief.

Petitioner sets forth four grounds for relief in his petition, which include: (1) "I declare war on the United States creating a hostile work environment and criminal propaganda same as Iran. [Petitioner] has a DOJ that can prove fact that [he] violated law immune with no expiration date until peace pay is final[;]" (2) "I [] declare war in obtaining monetary from an abusive prison staff to seek monetary from insurances, state fund or federal fund in an hostile work environment and criminal propaganda[;]" (3) I [] declare war on the United States creating bad laws, redacting immune right for attacks on a dismiss indictment and prison staffer using physical force for injuries in a loss or apartheid warfare[;]" and (4) "I declare war on the United States with an immune defense to have public defender Thomas Young civilly committed violate court rules and cause harm to the client

[]. To set forth John Hinckley case law in Dist. Col and Wayne Morvzin case law in NJ." (Pet. pp. 7,8.) As relief, petitioner requests both monetary damages and injunctive relief. (Id. p. 9.)

Petitioner's claims are conclusory and nonsensical. The Fourth Circuit has made clear that "[u]nsupported, conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing." Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992), abrogation on other grounds recogn'd, Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999). The court further finds that petitioner's claims are frivolous because they are merely "fanciful" and so wholly irrational as to lack any basis in fact. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) (citing Neitzke v. Williams, 490 U.S. 319, 328 (1989)). Because petitioner has failed to provide any factual basis for his fanciful claims, aside from conclusory assertions, they are DISMISSED without prejudice as frivolous.

To the extent petitioner seeks to challenge the conditions of his confinement, habeas corpus relief is not appropriate when a prisoner challenges the conditions of his confinement. See Preiser v. Rodriquez, 411 U.S. 475, 499 (1973). A prisoner challenging the conditions of his confinement must bring his claims pursuant to 42 U.S.C. § 1983 (if a state inmate) or Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) (if a federal inmate). Id.; see Wilson v. Johnson, 535 F.3d 262, 265 (4th Cir. 2008); Winslow v. Samberg, 805 F.2d 394, at *2 (4th Cir. 1986) ("to determine whether a claim is cognizable as a habeas corpus action or under § 1983, it is necessary to review whether the challenge is to the fact or the duration of a prisoner's confinement, or whether it is a challenge to the conditions of confinement."). Based upon the foregoing, petitioner's may not proceed with any claims challenging his conditions of confinement pursuant to 28 U.S.C. § 2241. See id.; see also, Pinson v. Berkebile, 553 F. App'x 852, 854 (10th

2

Cir. 2014) (holding that an inmate's challenge to his SAMs restrictions was not cognizable under a federal writ of habeas corpus).[1]

Finally, to the extent petitioner seeks to challenge his commitment to the custody of the United States Attorney General pursuant to 18 U.S.C. §4246, he may not proceed in this action. See Bussie v. Atkinson, No. 15-HC-2023-D (E.D.N.C. May 21, 2015) (dismissing action challenging § 4246 commitment without prejudice for failure to exhaust available remedies). Rather, petitioner must first exhaust his available remedies. See Timms v. Johns, 627 F.3d 525, 530–31 (4th Cir.2010).

In summary, the court DISMISSES petitioner's action without prejudice. The clerk of court is DIRECTED to close this case.

SO ORDERED, this 3rd day of November, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge

---

[1] The court has reviewed the petition and finds it inappropriate to convert petitioner's § 2241 petition into a Bivens action because the requirements of the Prison Litigation Reform Act apply to a Bivens actions, but do not apply to § 2241 actions. See Smith v. Angelone, 111 F.3d 1126, 1129–31 (4th Cir. 1997); Hicks v. James, 255 F. App'x 744, 747 (4th Cir. 2007) (per curiam).

3